UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN SHIPTON,

       Plaintiff,

v.                               Case No:  2:15-cv-496-UA-MRM

DIVERSIFIED CONSULTANTS, INC., a Florida corporation

       Defendant.
_____/

## **ORDER**[1]

This matter comes before the Court on Defendant Diversified Consultants, Inc.'s Motion to Dismiss (Doc. #3).  Plaintiff Brian Shipton filed a Response. (Doc. #9).  This matter is ripe for review.

**Facts**

Plaintiff Brian Shipton (Shipton) is a natural person.  (Doc. #2 at ¶ 4).  Defendant Diversified Consultants, Inc. (DCI) is a Florida Corporation. (Doc. #2 at ¶ 5).

Shipton incurred a debt with DirecTV for failure to pay for a personal satellite television service.  (Doc #2 at ¶ 6).  Shipton alleges that the debt was later consigned, placed, or otherwise transferred to DCI for collection.  (Doc. #2 at ¶ 7).  DCI's first communication with Shipton was through a dunning letter dated January 25, 2015.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

(Doc. #2 at ¶ 8).  Shipton asserts this was a violation of Florida Statute § 559.715, which requires debt collectors to give written notice of assignment of the debt "as soon as practical after the assignment is made, but at least 30 days before any action to collect the debt."  In his Complaint, Shipton brings two counts. In Count One, he alleges that DCI's failure to give notice of assignment violated FDCPA § 1692(2), which prohibits "misleading representation" in connection with debt collection. In Count Two, he alleges DCI's failure to give notice violated FCCPA § 559.72(9), which prohibits debt collectors from "assert[ing] the existence of some other legal right when [it] knows that the right does not exist." (Doc. #2 at ¶¶ 14, 17).  In sum, Shipton believes that by failing to give notice of the assignment, DCI's dunning letter was misleading and an attempt to assert a legal right (collection of the debt) that it knew did not exist in violation of both the FDCPA and FCCPA.  (Doc. #2 at ¶¶ 14, 17).

**Standard**

Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive a 12(b)(6) motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In ruling on a motion to dismiss, courts must accept factual allegations set forth in the complaint as true and view them in the light most favorable to the non-moving party. See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007).  Legal conclusions, however, are not

entitled to the same assumption of truth, as they must be "supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

As a general rule, courts may only consider the facts alleged in the four corners of the complaint and documents attached thereto when ruling on a motion to dismiss. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007).

### Discussion

DCI's first argument for dismissal is that DCI was not assigned Shipton's debt and therefore did not have to comply with § 559.715, which only applies to assignees who become the real party in interest to the debt. (Doc. #3 at 3–4). DCI claims it was acting as a debt collector and not an assignee because Shipton's debt "was not **assigned** to DCI, but merely placed with DCI for collection by [DirecTV]." (Doc. #3 at 2) (alteration in original) (emphasis in original). In support of this, DCI notes the dunning letter (Doc. #2-1) indicated all payments were to be sent to DirecTV, DCI's "client," and not to DCI. (Doc. #3 at 4). Shipton responds by arguing DCI defines "assignee" too narrowly and is not giving effect to its plain meaning. (Doc. # 9 at 2).

A. *Count I: Violation of FDCPA,* 15 U.S.C. § 1692(e)

Section 559.715 states, "The assignee is a real party in interest and may bring an action to collect a debt that has been assigned to the assignee and is in default." FLA. STAT. § 559.715. Determining legislative intent is the object of statutory interpretation. *Crews v. State*, 183 So. 3d 329, 332 (Fla. 2015). Courts first look to the text of the statute to determine statutory interpretation. Id. "When a statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Lee Cty. Elec. Co-op., Inc. v. Jacobs,*

820 So. 2d 297, 303 (Fla. 2002). "[W]ords of common usage, when used in a statute, should be construed in their plain and ordinary sense." Crews, 183 So. 3d at 332 (quoting Pedersen v. Green, 105 So. 2d 1 (Fla. 1958).

Black's Law Dictionary defines assignee as, "[s]omeone to whom property rights or powers are transferred by another." Assignee, BLACK'S LAW DICTIONARY 127 (10th ed. 2014). Here, it is clear that DCI was not an assignee as it did not have any property interest in the debt. The dunning letter clearly indicated payments were to be sent to DirecTV, not DCI. (Doc. #2-1). DCI itself states it was merely retained to collect DirecTV's debt. (Doc. #3 at 4). As such, DCI could not be said to have any property interest in the debt, and therefore did not qualify as an "assignee" under § 559.715 of the FCCPA.

Count I of Shipton's Complaint is premised on the argument that DCI was an assignee and therefore bound to comply with § 559.715. He asserts that without first giving Shipton notice of the assignment, DCI was not entitled to collect his debt. (Doc. #2 at ¶14). Section § 1692(e) of the FDCPA prohibits, among other things, debt collectors from using "misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Shipton argues DCI's dunning letter was an attempt to collect a debt it was not legally entitled to collect. (Doc. #2 at ¶ 14). He considers this "misleading[]" and therefore a violation of the FDCPA. (Doc. #2 at ¶ 14).

Shipton's argument, however, fails. Having determined that DCI was not an assignee, it was not obligated under § 559.715 to give notice before attempting to collect the debt. Because there was no assignment, there was nothing for DCI to give notice of. As such, the dunning letter was DCI's valid attempt to collect the debt on behalf of DirecTV, and cannot be considered "misleading" in violation of § 1692(e) of the FDCPA.

4

B. *Count II: Violation of FCCPA § 559.72(9)*

Count II is similarly premised on the argument that DCI was an assignee and bound by § 559.715.  Shipton again asserts that by failing to give notice of assignment of the debt, DCI was not entitled to collect Shipton's debt. (Doc. #2 at ¶ 17). Section 559.72(9) of the FCCPA, among other things, prohibits debt collectors from "assert[ing] the existence of some other legal right when [it] knows that the right does not exist." FLA. STAT. § 559.72(9).  Shipton contends that DCI's dunning letter was an attempt to collect a debt was not entitled to collect. (Doc. #2, at ¶ 17).  By doing so, Shipton claims DCI was the asserting a legal right (collection of the debt) it knew it did not have, and thus violating § 559.72(9) of the FCCPA.  (Doc. #2 at ¶ 17).  Having already determined in Count I that DCI was not an assignee, it was not required to give notice before an attempt to collect the debt. As such, DCI's dunning letter was DCI's valid attempt to collect the debt on behalf of DirecTV.  Therefore, DCI's dunning letter was not an attempt to assert a legal right it did not have, and did not violate §559.72(9) of the FCCPA.

Accordingly, it is **ORDERED:**

Defendant, Diversified Consultants, Inc.'s Motion to Dismiss (Doc. #3) is **GRANTED.**

**DONE** and **ORDERED** at Fort Myers, Florida this 29th day of March, 2016.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record